UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MELVIN HENRY, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 16-82-JWD-RLB**

**COX COMMUNICATIONS
LOUISIANA, LLC, ET AL.**

**ORDER**

Before the Court is Plaintiffs' Motion to Assess the Costs for Service and Attorney's Fees. (R. Doc. 26). The motion is opposed. (R. Doc. 27). Plaintiffs have filed a Reply. (R. Doc. 30).

On June 28, 2016, Melvin and Erma Henry ("Plaintiffs") filed a Supplemental and Amended Complaint, naming Cable Gains Services, LLC ("Cable Gains") as an additional defendant in this lawsuit. (R. Doc. 15 at 1).

On July 14, 2016, Plaintiffs sent, by certified mail, notice of the lawsuit and a request of waiver to John R. Sherrod, Cable Gains' agent for service of process in Tennessee. (R. Doc. 26-2). Cable Gains did not sign the waiver of service.

On September 6, 2016, Plaintiffs served a copy of the Amended Complaint and Summons on Mr. Sherrod. (R. Doc. 26-5).

Rule 4(d) provides that a plaintiff may notify "a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Where a plaintiff requests a waiver of service from a corporation, partnership, or association subject to service under Rule 4(h), the plaintiff must address the notice and request "to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). Among other things, the notice and request must be accompanied by "a prepaid means for returning the form." Fed. R. Civ. P. 4(d)(1)(C).

"If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

Plaintiffs now move to recover costs and fees pursuant to Rule 4(d)(2) in light of Cable Gains' failure to waive service. (R. Doc. 26).

Cable Gains opposes the motion on the basis that Plaintiffs have not provided proof that they sent the required prepaid means for returning the waiver of service form. (R. Doc. 27 at 1). Cable Gains does not, however, affirmatively state that Plaintiffs failed to provide such prepaid means as required by Rule 4(d)(1)(C). In reply, Plaintiffs submit an affidavit by their counsel indicating that he included a self-addressed stamped envelope with the waiver of service. (R. Doc. 30-1). Cable Gains has not controverted this representation. Accordingly, there is no dispute that Plaintiffs provided a prepaid means for returning the waiver of service form as required by Rule 4(d)(1)(C).

More substantively, Cable Gains also argues that the instant motion should be denied on the basis that it had good cause for not waiving service. (R. Doc. 27 at 2). Johnny Walker, the sole member of Gable Gains, submits an affidavit stating that service on Cable Gains is "typically made" through him; he is the only person authorized to waive service for Cable Gains; Mr. Sherrod is a CPA who does not have authority to waive service on behalf of Cable Gains; Mr. Sherrod did not provide him with the waiver of service; and that Mr. Walker first received notice of this lawsuit was when he "was actually served by plaintiff." (R. Doc. 27-1). The affidavit acknowledges, however, that "the Secretary of State for Tennessee still has John Sherrod listed as the agent for service of process in Tennessee." (R. Doc. 27-1, ¶ 4).

Cable Gains is a limited liability company. John Sherrod is listed as the agent for service of process in Tennessee. After Cable Gains refused to waive service, Plaintiffs served the Amended Complaint and Summons on Cable Gains through Mr. Sherrod. (R. Doc. 30 at 3; *see* R. Doc. 20). After service, Cable Gains filed an Answer. (R. Doc. 25). The Answer does not raise the defense of insufficient process and/or insufficient service of process.

Rule 4(d) required Plaintiffs to request a waiver of service from Cable Gains by addressing the notice of the lawsuit and request of waiver "to an officer, managing or general agent, *or any other agent authorized by appointment or by law to receive service of process*." Fed. R. Civ. P. 4(d)(1)(A)(ii) (emphasis added). As discussed above, there is no dispute that Mr. Sherrod is such an authorized agent to accept service. Accordingly, Plaintiffs properly addressed the waiver of summons form to Mr. Sherrod.

While Cable Gains may not have provided Mr. Sherrod with authority to waive service of process, the record indicates that Mr. Sherrod is capable of accepting service on behalf of Cable Gains and of communicating with Mr. Walker. Mr. Sherrod had sufficient time to notify Mr. Walker of the waiver of service request. Mr. Sherrod was informed of the consequences of the failure to do so.[1] By holding Mr. Sherrod out as an agent for the purposes of accepting service of process, plaintiffs seeking waiver of service of process would believe that Mr. Sherrod had authority to waive service or that he would inform the proper principal of the request of waiver of service within an appropriate amount of time. As Mr. Sherrod is its designated agent, Cable Gains was made aware of this lawsuit and the consequences of failing to waive service, even if

---

[1] Cable Gains also argues that good cause is shown because Mr. Sherrod did not understand the consequences of not signing the waiver. (R. Doc. 27). This argument is not credible. The waiver specifically stated "If you do not return the signed waiver . . . I will ask the court to require you, or the entity you represent, to pay the expenses of making service." (R. Doc. 26-2). Cable Gains does not explain why Mr. Sherrod, a CPA, was incapable of understanding this straightforward language.

3

Mr. Walker was not personally informed. Based on the foregoing, Cable Gains has not established good cause for failing to waive service.

Finally, Cable Gains argues that the $750 in attorney's fees sought by Plaintiffs is excessive and should be reduced. (R. Doc. 27 at 3). The Court disagrees. The affidavit submitted by Plaintiffs' counsel indicates that he spent 3 hours researching and preparing the instant motion, and that the three hours are limited to time he spent on the motion as required by Rule 4(d)(2)(B). (R. Doc. 26-6).[2] Having considered the record, and the issued briefed, the Court finds the requested attorney's fees to be reasonable. *See Premier Bank, Nat. Ass'n v. Ward*, 129 F.R.D. 500, 502 (M.D. La. 1990) (awarding $1,237.50 in attorney's fees where defendant would not receive service of process by mail pursuant to former Rule 4(c)(2)(D)); *Maranto v. Dillard Nat. Bank*, 230 F.R.D. 478 (W.D. La. 2005) (finding $400 to be a reasonable measure of compensation for attorney's fees with regard to a motion brought pursuant to Rule 4(d)(2)).

Based on the foregoing,

**IT IS ORDERED** that the Motion to Assess the Costs for Service and Attorney's Fees (R. Doc. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Cable Gains shall pay Plaintiffs the sum of **$842.50** within 14 days of the date of this Order.

Signed in Baton Rouge, Louisiana, on February 16, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs' counsel also spent additional time in drafting a Reply to respond to Cable Gains' meritless Opposition. Plaintiffs do not request recovery of expenses with regard to this additional time.